Dear Mr. Alexander:
This office is in receipt of your request for an opinion of the Attorney General in regard to payments to members of the volunteer fire departments. You ask if the Board of Commissioners of the Fire Protection Districts may authorize payments to members of volunteer fire departments in the following instances, and if there is any statutory guideline or limit on the amount of the payments which may be made to individual firemen in these instances:
1) When the meetings are general meetings of the membership;
 2) When the meetings are held for the purpose of conducting training sessions for the firemen; and
3) When the volunteer firemen are called out to actually fight a fire.
In connection with your question we find it pertinent to note that under R.S. 22:1583 foreign and alien insurers shall pay to the insurance commissioner a sum equal to two percent of the amount of premiums received from any business which insures property against fire. R.S. 22:1585 provides the money collected shall be distributed to each parish governing authority in accordance with the statutory formula. It further provides the funds shall be paid by each parish governing authority "to each regularly constituted fire department of the municipality or district, or active volunteer fire department certified by the parish governing authority, based on the population within the area serviced". (Emphasis added.)
In this section under R.S. 22:1580, "active volunteer fire department" is defined as "a voluntary organized fire company which possesses, in serviceable condition for fire duty, apparatus and equipment having a total value of five thousand dollars or more." The active volunteer fire department must be certified as being eligible to receive the tax in accordance with R.S. 22:1581, which the court noted in Village of Varnado v. Fire Dept., 563. So.2d 946 (La.App. 1990), includes a map or survey of the area actually served by the active volunteer fire department.
This office has found that volunteer fire departments serve a public purpose and may share in the district's tax revenues in an amount commensurate with the services to be rendered. Atty. Gen. Op No. 90-271. Also, it has been concluded the fire protection district, a separate political subdivision of the state, is governed by a board of commissioners who may allocate the funds to hire employees to man and maintain said volunteer fire department. Atty. Gen. Op. No. 79-754.
Based upon the statutory law and prior opinions of this office, we find that the board could authorize payments to members of the Volunteer Fire Department for services rendered. In answer to your particular questions we do not believe this would include attendance at general meetings which we feel are to benefit members rather than the public, but would find meetings to conduct training sessions and actual fire fighting would be for the benefit and service of the community which can be compensated.
The only guideline we can find as to the amount of the payments to the volunteers is that it be commensurate with the services rendered. We realize is a very nebulous concept, but we find nothing more definitive.
We hope this is of assistance.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0562f